IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00112-MR
[CRIMINAL CASE NO. 4:98-cr-00212-MR-1]

| | | |
|---|---|---|
| DWIGHT ALEXANDER RUDISILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. 1].

## I.    PROCEDURAL HISTORY

On July 8, 1998, the Petitioner was charged in a four count Bill of Indictment with carjacking, using a firearm during a crime of violence, transporting a stolen vehicle in interstate commerce and felony possession of a firearm, in violation of 18 U.S.C. § 2119, 824(c)(1), 2312, and 922(g).[1] [Criminal Case No. 4:98-cr-212 ("CR"), Doc. 1]. Petitioner pled guilty to the

_____

[1] Some of the statutory citations have changed since Petitioner's indictment. The Court cites the statutes in their current form.

charge of carjacking pursuant to a plea agreement and, in exchange, the Government dismissed the remaining three counts. [CR Doc. 14]. In accordance with the terms of the plea agreement, the Petitioner was sentenced to three hundred months' imprisonment. [CR Doc. 21]. He filed a direct appeal and, on May 15, 2000, the Fourth Circuit vacated Petitioner's conviction because the Indictment did not contain a recitation that serious bodily injury had occurred during the carjacking offense to which the Petitioner pled guilty. United States v. Rudisill, No. 99-4588, 2000 WL 620314 (4th Cir. May 15, 2000). Rather, the Petitioner only pled guilty to a violation of 18 U.S.C. § 2119(1), which does not include the element of serious bodily injury. The Court held, therefore, that the sentence was erroneously imposed. Id.

On remand, the Government successfully moved to set aside the plea agreement in order to reinstate the three counts previously dismissed against Petitioner. [CR Doc. 34]. In August 2000, Petitioner was charged in a Superseding Bill of Indictment with one count of using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1), one count of transporting a stolen vehicle in interstate commerce in violation of 18 U.S.C. § 2312, and one count of felony possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [CR Doc. 35]. After a jury trial, Petitioner was

found guilty of all three counts and was sentenced on October 31, 2001 to 465 months' imprisonment.  [CR Docs. 55, 63]. Petitioner did not appeal his conviction or sentence.  [See CR Doc. 59].

On July 15, 2009, eight years after his conviction and sentence became final, the Petitioner brought his first motion pursuant to 28 U.S.C. § 2255.  [Civil Case No. 1:09-cv-262, Doc. 1].  On July 29, 2009, the Court dismissed it as time-barred, as it was filed approximately six and a half years after his conviction became final.  [Id. at Doc. 2].  The Petitioner's appeal from that ruling was dismissed by the Fourth Circuit on September 8, 2009. [Id. at Doc. 10].

In October 2010, Petitioner filed another § 2255 motion, again seeking his October 31, 2001 prison sentence be vacated, set aside, or corrected. [Civil Case No. 1:10-cv-253-MR, Doc. 1].  Petitioner also moved for his guilty plea to be set aside.  [Id.].  This Court dismissed Petitioner's § 2255 motion and denied Petitioner's motion to set aside his guilty plea.  [Id. at Doc. 3].

Now, Petitioner moves again under § 2255 to vacate, set aside, or correct the same October 31, 2001 prison sentence.

## II.    STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any

3

attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

When an initial motion pursuant to § 2255 has been adjudicated on the merits, a second or successive motion under the statute must be certified by the court of appeals before it may be filed with this Court. 28 U.S.C. § 2255(h). To certify a second or successive § 2255 motion for filing with this Court, the court of appeals must find that the motion contains either: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. A dismissal of a § 2255 motion as untimely constitutes an adjudication on the merits. Villanueva v. United States, 346 F.3d 55, 61 (2d Cir. 2003), cert. denied, 542 U.S. 928 (2004); United States v. Gardner, 132 F.App'x. 467,

468 (4th Cir. 2005). Petitioner's first petition was dismissed as untimely. [Civil Case No. 1:09-cv-262, Doc. 2]. The Petitioner has not sought and obtained certification from the Fourth Circuit Court of Appeals prior to filing this motion. As such, this Court may not consider the merits of Petitioner's claim here.

## IV.    CONCLUSION

The Court will deny Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] and admonishes the Plaintiff that any future motions related to his October 31, 2001 sentence lacking the required certification described herein will be summarily dismissed.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of

appealability.  <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## <u>ORDER</u>

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE** as an unauthorized second or successive petition.

**IT IS FURTHER ORDERED** that the Court declines to grant a certificate of appealability.

**IT IS SO ORDERED.**

Signed: May 24, 2019

Martin Reidinger
United States District Judge